IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.                                                      **Criminal Case No. 3:20cr114**

**JEREMY I. MUMFORD,**

    **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court Defendant Jeremy I. Mumford's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. Amendment 821 (the "Motion for Sentence Reduction"). (ECF No. 34.) The United States responded in opposition to the Motion, (ECF No. 35), and Mr. Mumford replied, (ECF No. 36).

The matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons articulated below, the Court hereby GRANTS the Motion for Sentence Reduction and reduces Mr. Mumford's sentence from 84 months to 71 months' imprisonment.

### I. Background

On October 7, 2020, Mr. Mumford was charged in a two-count indictment with two counts of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 4.) On January 19, 2021, Mr. Mumford entered into a written plea agreement with the United States in which he plead guilty to Count Two of the Indictment, charging him with one count of Possession of a Firearm by a Felon. (ECF No. 19.) The Plea Agreement, (ECF No. 19), and the Statement of Facts, (ECF No. 20), describe the conduct in Mr. Mumford's

underlying offense. On September 14, 2020, Richmond Police Department ("RPD") officers were patrolling the area of 1336 Coalter Street in Richmond, Virginia when they saw multiple individuals standing in the breezeway of an apartment building. (ECF No. 20 ¶ 2.) Upon seeing the RPD officers, the individuals went into the building. (ECF No. 20 ¶ 2.) As the RPD officers approached the building, they saw Mr. Mumford walk down the stairs from the second level and leave the building. (ECF No. 20 ¶ 3.) The RPD officers went to the second floor where Mr. Mumford had been, and found a firearm under the floor mat outside one of the apartments. (ECF No. 20 ¶ 3.) This weapon was later linked to a drive-by shooting that occurred on September 4, 2020. (ECF No. 23 ¶ 11.)

Three days later, on September 17, 2020, RPD officers were parked outside a convenience store on Carolina Avenue in Richmond, Virginia and saw Mr. Mumford in the front passenger seat of a vehicle parked outside the store. (ECF No. 20 ¶ 6.) The RPD officers knew Mr. Mumford had an active arrest warrant and went toward the vehicle in an attempt to arrest him. (ECF No. 20 ¶ 6.) As the officers approached the vehicle, Mr. Mumford locked the doors and removed the keys from the ignition. (ECF No. 20 ¶ 7.) Mr. Mumford then ignored commands from the RPD officers to get out of the vehicle and keep his hands in view. (ECF No. 20 ¶ 7.) After multiple attempts to get Mr. Mumford to leave vehicle voluntarily, the RPD officers told Mr. Mumford that they were going to break the window and pull him out, at which point Mr. Mumford unlocked the vehicle, and the RPD officers were able to place him under arrest. (ECF No. 20 ¶ 8.) While Mr. Mumford was being handcuffed, officers saw a firearm in his waistband. (ECF No. 20 ¶ 8.) Mr. Mumford informed the RPD officers that he knew he was a convicted felon and that he was prohibited from possessing a firearm. (ECF No. 20 ¶ 10.)

Prior to sentencing, the probation officer prepared the Presentence Report ("PSR") for Mr. Mumford. (ECF No. 23.) According to the law at the time, Mr. Mumford had a Total Offense Level of 23 and 7 criminal history points, which correlated to a Criminal History Category of IV. (*See* ECF No. 23 ¶¶ 27, 33.) This resulted in a Sentencing Guidelines range of 70–87 months. (*See* ECF No. 23, at 18.)

On May 5, 2021, the Court sentenced Mr. Mumford to 84 months' imprisonment. (*See* ECF No. 28, at 2.) Mr. Mumford is currently housed at USP Big Sandy in Inez, Kentucky. *See Fed. Inmate Locator*, BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited February 5, 2025). The Bureau of Prisons ("BOP") identifies Mr. Mumford's release date as November 24, 2026. *See id.*

## II. Sentence Reduction Under Amendment 821

On November 1, 2023, amendments to the advisory Sentencing Guidelines took effect. In relevant part, Amendment 821, among other changes, (1) reduces "status points" for certain offenders with less serious criminal histories and (2) provides for a decrease of two offense levels for individuals with no criminal history points and whose offense did not involve specific aggravating factors. U.S. Sentencing Comm'n., *Amendment to the Sentencing Guidelines* (August 31, 2023).[1] On August 24, 2023, the Commission voted to give retroactive effect to these provisions of Amendment 821. *Id.*; *see also* U.S. Sentencing Comm'n, *U.S. Sentencing Commission Votes to Allow Retroactive Sentence Reductions and Announces its Next Set of Policy Priorities* (Aug. 24, 2023), available at https://www.ussc.gov/about/news/press-releases/august-24-2023 (last accessed January 22, 2025).

---

[1] This document is available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf [https://perma.cc/7J5V-YKNY].

3

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." *Dillon v. United States*, 560 U.S. 817, 821 (2010). When deciding if a sentence reduction is appropriate, "[a] court must first determine that a reduction is consistent with [U.S.S.G.] § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)." *Dillon*, 560 U.S. at 826. U.S.S.G. § 1B1.10(b)(1) "requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (quoting U.S.S.G. § 1B1.10(b)(1)).

After determining that a sentence reduction is available, a court must consider the Section 3553(a) factors and any relevant post-conviction conduct before modifying a defendant's sentence. 18 U.S.C. § 3582(c)(1)(A); *Dillon*, 560 U.S. at 827. A court must weigh factors including "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Under that statute, a court must also consider "the need for the sentence imposed . . . to promote respect for the law . . . ; to afford adequate deterrence to criminal conduct; . . . [and] to protect from the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2). The statutory sentencing factors direct a court to consider the kinds of sentences available and the sentencing range established for the offense. 18 U.S.C. § 3553(a)(4).

### III. Analysis

After due consideration, the Court will grant the Motion for Sentence Reduction, but not to the degree requested. (ECF No. 34.) Mr. Mumford contends, and the United States does not dispute, that Amendment 821 reduces Mr. Mumford's criminal-history points to 5, which in turn

4

reduces his recommended guidelines range to 51–71 months at his offense level of 23. (ECF No. 34, 1–3; ECF No. 35, 3–5.) The applicable § 3553(a) factors also support a sentence reduction.

### A. The § 3553(a) Factors Support a Reduction in Mr. Mumford's Sentence

Although the parties agree that Amendment 821 applies, they dispute whether the Court should reduce Mr. Mumford's sentence. Mr. Mumford asks for a "modification to 67 months. . . [which] would be proportional to this Court's original sentence[.]" (ECF No. 34, at 4.) Mr. Mumford further argues that he has exhibited "exemplary behavior during his time in [] custody. . . has completed BOP's Non-Residential Drug Abuse Treatment Program . . . [is] working on obtaining his GED . . . and plans to do landscaping work upon his release." (ECF No. 36, at 5.) Mr. Mumford also states that he intends to live with his mother upon his release (ECF No. 36, at 5). However, she is a convicted felon, (ECF No. 23, at ¶ 56), meaning that a probation officer would have to approve that plan (ECF No. 28, at 4).

The United States opposes the motion, arguing that the applicable § 3553(a) factors do not support Mr. Mumford's request. Specifically, the United States contends that the facts and circumstances surrounding Mr. Mumford's offense are "far more serious than simply having possession of a firearm on a single occasion" as can be evidenced by the parties' original request of an 84-month sentence, which they believed would be an upward variance. (ECF No. 35, at 3, 7.) The United States reports that Mr. Mumford had two prior convictions involving firearm possession at the time of his 2020 arrest. (ECF No. 35, at 7.) In the Plea Agreement, the United States and Mr. Mumford originally informed this Court that they believed the joint request of an 84-month sentence would be above the sentencing guideline range. (ECF No. 19 ¶ 4.) Further, Mr. Mumford was on supervised probation when he committed the underlying offense. (ECF

5

No. 35, at 8.) Finally, the United States adds that Mr. Mumford has, in fact, had one disciplinary infraction while incarcerated for the possession of drugs/alcohol. (ECF No. 35, at 8.)

After considering the applicable § 3553(a) factors, the Court will grant Mr. Mumford's motion.[2] The United States relies heavily on facts and circumstances surrounding Mr. Mumford's underlying offense in opposition to Mr. Mumford's request. However, Mr. Mumford asks only for a "proportionate reduction" to 70 months' imprisonment, which would leave his sentence at the top of the updated guideline range. The Court considered the 84-month recommendation given the § 3553 factors and found it appropriate, but the Court did so while the parties jointly agreed to recommend that 84-month sentence. The Court previously considered Mr. Mumford's criminal history when first sentencing him to the middle end of the original guideline range, and the difference now is his one violation while in prison.

Mr. Mumford's one violation during his incarceration is serious but it is not so egregious to negate any reduction whatsoever. The possession of drugs or alcohol in prison cannot be condoned. Still, Mr. Mumford's violation is not inconsistent with the serous drug addiction he has had throughout his life. While incarcerated, he has participated in educational programs to include drug education, a class to obtain his GED, and anger management. (ECF No. 35-1, at 1–2.)

---

[2] Based on the § 3553(a) factors, the Court has considered the record pertaining to (1) the defendant's sentence relative to the nature and circumstances of his offense; (2) the history and characteristics he brings to the court; (3) the need to afford adequate deterrence; (4) the need to protect the public from further crimes of the defendant; (5) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (6) the applicable guideline sentence; (7) the need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct; (8) and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1), (2)(B)–(D), (4)–(7).

Given those considerations, a reduction in Mr. Mumford's sentence to the high end of the new guideline range accounts for the history and characteristics he brings to the court, the need to avoid unwarranted sentencing disparities, and the need for adequate deterrence. *See* 18 U.S.C. § 3553(a). After the sentence reduction, Mr. Mumford will still have just over eight months to serve at which point he will be transferred to state custody to serve his state detainer. This provides ample time for Mr. Mumford to receive appropriate rehabilitative services and complete programming prior to his release into society. Moreover, intentional and targeted substance abuse treatment as part of supervised release will address any public safety concern raised by Mr. Mumford's prior criminal history. The applicable § 3553(a) factors, therefore, support a reduced sentence of 71 months' imprisonment. *See id.* § 3582(c)(2).

## IV. Conclusion

For the reasons explained above, the Court GRANTS Mr. Mumford's Motion for Sentence Reduction, (ECF No. 34), and MODIFIES his sentence by reducing it from 84 months to 71 months' imprisonment. All other provisions of the Judgment shall remain in effect. (*See* ECF No. 28.)

An appropriate Order shall issue.

Date: 02/06/2025
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

7